UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **United States of America,** | ) | **CASE NO. 1:12 CR 131** |
| | ) | |
| | ) | |
| **Plaintiff/Respondent,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **Curtis Bobbitt,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant/Petitioner.** | ) | |

Pending before the Court is petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 145). The motion is DENIED. Petitioner contends his sentence is unconstitutional in light of *Johnson v. United States,* _ U.S._ , 135 S.Ct. 2551 (2015). Petitioner argues that his conviction under § 924(c) is unconstitutional because *Johnson* rendered the residual clause of § 924(c)(3) unconstitutionally vague. However, the Sixth Circuit has held in *Unites States v. Taylor*, 814 F.3d 340 (6th Cir. 2016), that the residual clause of § 924(c)(3) is distinct from the residual clause of the ACCA and, therefore, *Johnson* does not invalidate § 924(c)(3)'s residual clause. *See also In re Jeffrey Hampton,* No. 16-3661 (6th Cir. Nov. 28, 2016) (Petition to file a second or successive § 2255 motion was denied because *Johnson* does not

apply to a § 924(c) conviction.)

Accordingly, petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is DENIED. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R.App.P. 22(b).

IT IS SO ORDERED.

                /s/ Patricia A. Gaughan
                PATRICIA A. GAUGHAN
                United States District Judge

Dated: 3/21/17